

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) Civil Action No. 4:19-cv-00432 KGB |
| v. | ) |
| | ) |
| M.I.H. Sales and Marketing, Inc., and | ) |
| John Hilger, | ) |
| | ) |
| Defendants. | ) |

## CONSENT JUDGMENT AND DECREE

WHEREAS, the United States commenced this action against M.I.H. Sales and Marketing, Inc. and John Hilger (collectively "Defendants"), by filing a complaint in this Court (the "Complaint"), a copy of which is annexed hereto as Exhibit A; and

WHEREAS, the Complaint, the allegations of which are incorporated by reference herein, states claims for relief under the Federal Meat Inspection Act, as amended, 21 U.S.C. §§ 601 et seq. ("FMIA") and the Poultry Products Inspection Act, as amended, 21 U.S.C. §§ 451 et seq. ("PPIA"), (hereinafter, the "Acts"); and

WHEREAS, Defendants have demonstrated a willingness to comply with the United States Department of Agriculture ("USDA") and Food Safety and Inspection Service ("FSIS") regulations, including the implementation of certain written procedures for sanitary standards and pest control; and

WHEREAS, the parties wish to settle this action without further litigation and, pursuant thereto, consent to the entry by the Court of the following provisions as judgment in this action without the Defendants admitting or denying the allegations in the Complaint and disclaiming any liability in connection wherewith.

1

NOW THEREFORE, it is hereby AGREED, ORDERED, ADJUDGED AND DECREED that, pursuant to 21 U.S.C. §§ 601 et seq. and 21 U.S.C. §§ 451 et seq. and the inherent power of this Court:

1. This Court has jurisdiction over the subject matter in the Complaint and has personal jurisdiction over all the parties to this matter.

2. Defendants, their directors, officers, representatives, successors, assigns, agents and employees are permanently enjoined from violating the FMIA and the PPIA and the regulations promulgated thereunder with respect to meat, meat products, poultry, poultry products which are capable of use as human food, while they are being transported in commerce or held for sale after such transportation which is intended to cause or has the effect of causing such articles to be adulterated or misbranded.

3. Defendants shall maintain full, complete, and accurate copies of all records which will fully and correctly disclose all transactions involved in their business, as required by the FMIA, PPIA, consistent with 9 C.F.R. § 320.1 and § 381.175, and the regulations promulgated thereunder, and in this Consent Judgment and Decree. Defendants shall maintain all records for a period of at least two years after December 31 of the year in which the transaction to which the record relates has occurred and shall make all such records available to the USDA, FSIS for review and/or copy immediately upon request. Records, such as bills of sale, invoices, bills of lading, and receiving and shipping papers, giving the following information with respect to each transaction in which any carcass, part thereof, meat or meat food product, or poultry or poultry food product, is purchased, sold, shipped, received, transported, or otherwise handled by the Defendants in connection with any business subject to the Act. These required records are:

   i.   The name and description of the product;

ii. The net weight of the product;

iii. The number of outside containers (if any);

iv. The name and address of the buyer of the product, and the name and address of the seller of the product purchased by such firm or person;

v. The name and address of the consignee or receiver (if other than the buyer);

vi. The method of shipment;

vii. The date of shipment;

viii. The name and address of the carrier.

4. The Defendants, their directors, officers, representatives, successors, assigns, agents and employees shall at all reasonable times, afford duly authorized representatives of the USDA, FSIS, full access to the Defendants place of business. Full access shall include full and unimpeded opportunity to inspect and examine the Defendants' facilities, inventory, and records, to copy all such records, and to take reasonable samples of inventory. Defendants shall insure that the refrigerated storage facilities for meat and poultry products, are clean, well-lit, sanitary, with proper working refrigerated units.

5. Defendants shall notify the United States at least ten (10) days before any change or cessation ownership or character of his business, such as incorporation of his business enterprise assignment or sale resulting in the creation or emergence of a successor corporation or business entity, the creation or dissolution of subsidiaries, change or alteration of the business form or name, or any other change in Defendants' business structure that may have an effect upon Defendants' compliance with the terms of the Consent Judgment and Decree.

6. Upon a determination by the USDA, FSIS that the Defendants have committed a future act with respect to any such articles (meat, meat products, poultry and poultry products)

3

which are capable of use as human food, while they are being transported in commerce or held for sale after such transportation, which is intended to cause or has the effect of causing such articles to be adulterated and misbranded; or offer for sale or transport, sell or transport, adulterated or misbranded meat, meat products, poultry and poultry products in commerce, Defendants agree to pay the United States a civil penalty of one hundred ($100.00) per pound of adulterated product for the first violation. If the Defendants commit a second violation of this paragraph, Defendants agree to pay the United States a civil penalty of three hundred dollars ($300.00) per pound of adulterated product.

7. Should future acts occur, the United States may file a complaint in this District Court to enforce this Consent Decree and to recover civil penalties for violations of Paragraph 6.

8. The parties understand and agree that the penalties referred to in this Consent Judgment and Decree are not punitive in nature, and that their imposition does not in any way limit the ability of the United States to seek, and the Court to impose, additional relief based on conduct that may also be the basis of relief set forth in this paragraph.

9. Defendants waive and shall not assert any defenses they may have to any criminal prosecution or administrative action relating to other violations set forth herein, that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment to the Constitution, the Excessive Fines Clause in the Eighth Amendment to the Constitution, or any statute of limitations or laches, this Consent Judgment and Decree bars a remedy sought in such criminal prosecution or administrative action. Nothing in this Paragraph or any other provision of this Consent Judgment and Decree constitutes an agreement by the United

States concerning the characterization of payments from Defendants to the United States for purposes of the Internal Revenue laws, Title 26 of the United States Code.

10. The parties agree that nothing in this Agreement shall preclude any future regulatory or administrative action authorized by law, regulation or otherwise, including, but not limited to the referral of any matter to any agency for possible criminal, civil, or administrative proceedings.

11. The Court retains jurisdiction to issue further decrees and orders as may be necessary to construe, carry out, modify, or enforce compliance with this Consent Judgment and Decree, and should the Defendants fail to abide by and perform all the terms and conditions set forth herein or such further decree as may be entered in this action, the United States shall apply only to this Court for relief, and any alleged violation of this Decree shall be adjudicated by the Court.

12.. After Defendants have maintained continuous satisfactory compliance with all requirements of this Consent Judgment and Decree, as well as all applicable provisions of the FMIA, PPIA and the regulations promulgated thereunder, for a period of three (3) years following the entry of this Consent Judgement and Decree, Defendants may serve upon the United States a request for termination of this Consent Judgment and Decree (hereafter "Request for Termination") explaining how Defendants have complied with the of the Consent Judgment and Decree. The Parties shall thereafter confer informally concerning the Request for Termination and any disagreement that the Parties may have as to whether Defendants have satisfactorily complied with the requirements for termination of the Consent Judgement and Decree. If the United States agrees that the Consent Judgment and Decree may be terminated, the Parties shall submit for the Court's approval a joint stipulation terminating the Consent Judgment and Decree. If the United

States does not agree that the Consent Judgment and Decree may be terminated, Defendants may file a motion with this Court seeking relief from a judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, provided, however, that Defendants will not file any such motion until sixty (60) days after service of the Request for Termination on the United States. Defendants must bear the burden of demonstrating to the Court that they have satisfactorily complied with all requirements of this Consent Judgement and Decree and all applicable provisions of the FMIA, PPIA and the regulations promulgated thereunder, and that there is good cause to terminate the Consent Judgement and Decree under Rule 60(b).

13. Each party shall bear its own attorney's fees.

WHEREFORE, the parties hereby consent to the entry of the foregoing Judgment and Decree.

On this 24th day of Sept., 2019

Kristine G. Baker
United States District Court Judge

CONSENTED AND APPROVED BY:

M.I.H. Sales and Marketing, Inc.

John Hilger, Individually and as President of M.I.H. Sales and Marketing, Inc.

Dated: 3-1-19

CODY HILAND
United States Attorney
Eastern District of Arkansas

Shannon S. Smith
Assistant United States Attorney

Dated: 4/17/19

6